# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-615 PA (PDx) | Date | February 11, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Kristi Noem, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by petitioner Nhin Venh Ho ("Petitioner"), who is represented by counsel. Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") on February 11, 2026. The Petition names as respondents Kristi Noem, Secretary of the U.S. Department of Homeland Security; Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Ernesto Santacruz, Jr., Acting Director of ICE's Los Angeles Field Office, Enforcement and Removal Operations; and Fereti Semaia, Warden of the Adelanto Detention Center operated for ICE (collectively "Respondents").

According to the Petition, Petitioner, who was born in 1979, is a citizen of Vietnam. Petitioner pleaded guilty to 4 counts of robbery in 1997. In 2005, an immigration judge issued an order of removal, but Petitioner was released under an Order of Supervision ("OSUP") in April 2005 because ICE could not effect his removal. The Superior Court vacated Petitioner's convictions in December 2025. On January 22, 2026, during a scheduled check-in, ICE detained Petitioner. Petitioner alleges that he has been detained since then with no notice of revocation or an "informal interview" as required. Petitioner's TRO Application seeks an order requiring Petitioner's immediate release from detention and enjoining Respondents from removing Petitioner outside of this judicial district pending final resolution of his Petition.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-615 PA (PDx) | Date | February 11, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Kristi Noem, et al. | | |

In order to seek relief on an ex parte basis, the moving party is required "(a) to make reasonable, good faith efforts orally to advise counsel of all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.1. Where the adverse party has not received notice of the motion, the Court may issue a temporary restraining order "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); see also L.R. 7-19.2 (allowing for waiver of the notice requirements under L.R. 7-19.1 for a TRO where the requisite showing under Fed. R. Civ. P. 65(b) has been made).

A moving party faces an exceedingly high burden when seeking relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"). Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). To justify the issuance of a temporary restraining order without notice, a party ordinarily "'must do more than assert that the adverse party would dispose of evidence if given notice'" and "'must show that defendants would have disregarded a direct court order . . . within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders . . . .'" Id. (quoting First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650-51 (6th Cir. 1993)).

Here, Petitioner asserts that Respondents were notified of the TRO Application and its contents. (See TRO App. at p. 2.) According to the Certificate of Counsel, Petitioner's counsel "emailed David M. Harris, Chief of the Civil Division, U.S. Attorney's Office, Central District of California. I provided a copy of the Application for a Temporary Restraining Order and Memorandum of Points and Authorities to Mr. Harris by emailing copies to [Mr. Harris's email address]." (Id.) However, there is no indication that Petitioner's counsel made any effort to orally advise Respondents' counsel of the TRO Application. Nor has Petitioner advised the Court in writing whether Respondents' counsel intends to oppose the TRO Application. As a result, Petitioner has failed to comply with the notice requirements under Local Rule 7-19.1. Further, because Petitioner has not attempted to satisfy the requirements for ex parte relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-615 PA (PDx) | Date | February 11, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Kristi Noem, et al. | | |

without notice under Federal Rule of Civil Procedure 65(b), the Court concludes that waiver of the notice requirements is not appropriate in this case.

In light of Petitioner's failure to comply with Rule 7-19's notice requirements, the Court concludes that Petitioner has not shown that he "should be allowed to go to the head of the line in front of all other litigants and receive special treatment," Mission Power Eng'g, 883 F. Supp. at 492, and thus fails to establish his entitlement to issuance of a temporary restraining order. Accordingly, the Court denies Petitioner's TRO Application without prejudice.

IT IS SO ORDERED.