# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 26-615 PA (PDx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Ernesto Santacruz Jr., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None                                                None

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by petitioner Nhin Venh Ho ("Petitioner") (Docket No. 6). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

## I.     Factual and Procedural Background

Petitioner, who is represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition") on February 11, 2026. The Petition names as respondents Ernesto Santacruz Jr., acting director of the Los Angeles Field Office of United States Immigration and Customs Enforcement ("ICE"), Toddy Lyons, acting director of ICE, Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"), Pamela Bondi, Attorney General of the United States, and Fereti Semaia, warden of ICE's Adelanto Detention Facility (collectively "Respondents"). According to the Petition, ICE detained Petitioner on January 22, 2026, and is holding him at the Adelanto Detention Facility. Petitioner filed his first TRO Application on February 11, 2026, which the Court denied because it did not comply with Local Rule 7-19. Petitioner then filed the current TRO Application on February 17, 2026. Respondents filed an Opposition on February 19, 2026.[1/]

---

[1/]     Respondents' Opposition was filed well beyond the 24 hour deadline set in the Court's Procedures and Schedules, and counsel for Respondents did not request additional time to file the Opposition or otherwise notify the Court of any reasons for its failure to timely file an Opposition prior to the Court's deadline. The Court warns counsel for Respondents that such conduct in the future risks having the Court grant a TRO Application for failure to file a timely Opposition. See Local Rule 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-615 PA (PDx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Ernesto Santacruz Jr., et al. | | |

Petitioner's parents are from Vietnam. Petitioner was born on a boat as his family fled Vietnam in 1979. Petitioner states that his parents have always told Petitioner that he was born on April 11, 1979, despite his United States government records reflecting a birth date of January 11, 1979. Petitioner and his family arrived in the United States in July 1986 as a lawful permanent resident. According to the Petition, Petitioner was arrested for robbery in February 1997.[2/] Petitioner pleaded guilty to four counts of robbery on October 1, 1997. Upon his release from prison in December 2004, Petitioner was transferred to federal immigration custody. On January 6, 2005, an Immigration Judge ordered Petitioner removed to Vietnam. In March 2005, Vietnam refused to issue travel documents. ICE released Petitioner on an Order of Supervision ("OSUP") on April 12, 2005.

The Los Angeles County Superior Court vacated Petitioner's robbery convictions on December 12, 2025, based on ineffective assistance of counsel. Respondents detained Petitioner on January 22, 2026, during his routine ICE check-in. Petitioner states that he was not provided with notice or a hearing when he was detained. Respondents state that they provided Petitioner with a Notice of Revocation of Release and an informal interview on the date of his detention.

The Petition seeks relief pursuant to 28 U.S.C. § 2241. In his Motion for TRO, Petitioner seeks his immediate release from detention, and an injunction preventing Respondents from relocating Petitioner outside of this judicial district or removing him from the United States pending final resolution of his Petition.

**II.    Legal Standard**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may

---

[2/]    If he was born on January 11, 1979, he would have been 18 when he was arrested. However, if he was born on April 11, 1979, he would have been a minor at the time of his arrest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-615 PA (PDx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Ernesto Santacruz Jr., et al. | | |

issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

**III.   Analysis**

Under the INA, a noncitizen subject to a final order of removal is generally detained during a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A). Detention during this period is typically mandatory. See 8 U.S.C. § 1231(a)(2). After that time, detention is within ICE's discretion under 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention. Instead, the Court interpreted the statute in light of constitutional due process concerns and established a presumptive six-month limit on post-order detention. After that period, if the noncitizen shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. Id. at 701, 121 S. Ct. at 2505.

Upon release from custody, a noncitizen subject to a final order of removal must comply with certain conditions of release. See 8 U.S.C. § 1231(a)(3) & (6). The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal. ICE may revoke a noncitizen's release and return them to ICE custody due to failure to comply with any of the conditions of release or if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 U.S.C.§ 241.13(i).

Here, Petitioner does not challenge the validity of his final removal order or that 8 U.S.C. § 1231(a)(6) governs his detention. However, Petitioner argues that he should be released from his current detention because "removal to Vietnam is not reasonably foreseeable." In support of that argument, Petitioner relies on the length of time since he was originally ordered removed in 2005, and the fact that, historically, Vietnam has issued travel documents to very few individuals in situations such as his who immigrated to the United States before 1995. Petitioner also asserts that he is entitled to immediate release because Respondents allegedly did not comply with some of the procedures outlined in 8 C.F.R. § 241.13(i)(3) prior to revoking Petitioner's release and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-615 PA (PDx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Ernesto Santacruz Jr., et al. | | |

detaining him, including a failure to provide him with a notice of the reasons for revocation, a prompt informal interview, and an opportunity to respond to the reasons for revocation.

Respondents, however, state that they "are in the process of obtaining travel documents from Vietnam to effectuate" Petitioner's removal. Additionally, according to Respondents, diplomatic relations with Vietnam have improved in recent years and Vietnam has issued travel documents to individuals in similar situations as Petitioner. See Huynh v. Semaia, et al., Case No. 2:24-cv-10901 MRA (DFM) (C.D. Cal. 2025) (petition by Vietnamese national asserting Zadvydas claim mooted by removal to Vietnam); Le Van Minh v. DHS, et al., Case No. 5:25-cv-02245 HDV (JDE) (C.D. Cal. 2025) (August 18, 2025 petition by Vietnamese national mooted by September 2, 2025 removal of petitioner to Vietnam); Tan Minh Vo v. DHS et al., Case No. 5:25-cv-02791 SVW (MBK) (C.D. Cal.) (petition by Vietnamese national asserting Zadvydas claim mooted by November 5, 2025 removal of petitioner to Vietnam). At least one of those petitions, Huynh, involved a pre-1995 immigrant.

In support of their Opposition, Respondents have submitted a Declaration from an ICE deportation officer. According to that Declaration, Petitioner was provided with a "Notice of Revocation of Release" on January 22, 2026, which states that "ICE has determined there is a significant likelihood of removal in the reasonably foreseeable future" and that "ICE has determined it is appropriate to enforce the removal order and remove you to Vietnam." The Notice also states that Petitioner "will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation."

Although the Court acknowledges that other District Court's have concluded otherwise, see, e.g., Lam Dat Quan v. Warden, Case No. 5:25-cv-2546 HDV (PVC) (C.D. Cal. Nov. 14, 2025) (granting preliminary injunction and ordering release of pre-1995 immigrant), the Court nevertheless concludes that on the facts before it, Petitioner has not met his burden to establish a likelihood of success on the merits on his Zadvydas and related claims. Specifically, Petitioner has not met his burden to show that he will not be removed to Vietnam within the "reasonably foreseeable future" during the length of a detention that is presumptively reasonable. See Huynh, Case No. 2:24-cv-10901 MRA (DFM). Indeed, other District Courts have denied temporary restraining orders in similar circumstances. See, e.g., Nghia Giang Nguyen v. Mark Bowen, Case No. 5:25-cv-03109 MCS (ADS) (C.D. Cal. Dec. 1, 2025) (denying TRO).

Nor do Petitioner's allegations that Respondents have not provided him with all of the procedures outlined in 8 C.F.R. § 241.13(i)(3), even if true, support Petitioner's immediate release. See, e.g., Doe v. Smith, Case No. 18-cv011363 FDS, 2018 WL 4696748, at *9 (D. Mass. Oct. 1, 2018) ("[E]ven assuming that the initial informal interview was not given until

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-615 PA (PDx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | Nhin Venh Ho v. Ernesto Santacruz Jr., et al. | | |

[approximately one month after petitioner's detention began], it is difficult to see an actionable injury stemming from such a violation. Doe is not challenging the underlying justification for the removal order (although she seeks to reopen the proceeding). Nor is this a situation where a prompt interview might have led to her immediate release—for example, a case of mistaken identity. There is thus no apparent reason why a violation of the regulation, even assuming it occurred, should result in release.").

For these reasons, the Court concludes that Petitioner has failed to establish a likelihood of success on the merits on his claims to justify the injunctive relief he seeks. The Court concludes for the same reasons that Petitioner has not met his burden to establish that the balance of equities tip in his favor or that an injunction is in the public interest. Therefore, despite Petitioner's showing of irreparable harm, the Court concludes that Petitioner is not entitled to injunctive relief at this time.

## Conclusion

For all of the foregoing reasons, the Court denies Petitioner's TRO Application.

IT IS SO ORDERED.