UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NHIN VENH HO,

Petitioner,

v.

ERNESTO SANTACRUZ JR., et al.,

Respondents.

No. CV 26-615 PA (PD)

ORDER OVERRULING PETITIONER'S OBJECTIONS, ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AS MODIFIED, AND DISMISSING PETITION WITHOUT PREJUDICE AS MOOT

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records on file, the Report and Recommendation of the United States Magistrate Judge ("R&R"), and Petitioner Nhin Venh Ho's ("Petitioner") Objections to the R&R ("Objections"). The Court has conducted a de novo review of those portions of the R&R to which Petitioner objects. See 28 U.S.C. § 636(b)(1).

For the reasons discussed below, the Court overrules Petitioner's Objections and accepts and adopts the R&R as modified by this Order.

## I. BACKGROUND

Petitioner filed this action pursuant to 28 U.S.C. § 2241 on February 11, 2026, while detained by United States Immigration and Customs Enforcement ("ICE"). The Petition alleged that Petitioner's January 22, 2026 re-detention violated 8 C.F.R. § 241.13, the procedural requirements of 8 C.F.R. § 241.13(i)(3), and the Due Process Clause of the Fifth Amendment. Among other relief, the Petition requested that the Court order Petitioner's

immediate release from custody, restore him to his Order of Supervision ("OSUP"), and enjoin Respondents from removing him while this action and any subsequent appeal remained pending.

Before filing the Petition, Petitioner had obtained an order from the Los Angeles County Superior Court vacating the convictions that constituted the asserted basis for his removability. The Petition alleged that Petitioner thereafter moved to reopen his immigration proceedings.

On February 20, 2026, this Court denied Petitioner's second application for a temporary restraining order ("TRO"). The Court concluded that, based on the record then before it, Petitioner had not established a likelihood of success on the merits sufficient to warrant preliminary injunctive relief. The Court expressly framed its determination in terms of Petitioner's burden to obtain preliminary relief and denied the requested TRO.

The circumstances relevant to Petitioner's continued detention also changed. On February 19, 2026, an Immigration Judge granted Petitioner's motion to reopen his removal proceedings. Petitioner thereafter took the position that, as a result of the reopening, "there is no valid, final order of removal from which any post-order detention authority derives." The Court ordered supplemental briefing concerning the effect of the reopening on the Petition and the legal basis, if any, for Petitioner's continued detention. Respondents did not file a supplemental response. Petitioner subsequently informed the Court that ICE released him from custody on March 5, 2026.

Following his release, Petitioner requested that the Court nevertheless adjudicate the legality of his prior detention, declare that the detention violated his constitutional rights, and permanently enjoin Respondents from re-detaining him based upon his vacated conviction or the now-terminated removal proceedings absent new lawful authority.

The Magistrate Judge recommends dismissal of the Petition without prejudice as moot. Petitioner objects, arguing principally that his release did not moot his requests for declaratory and prospective injunctive relief and that the voluntary-cessation and capable-of-repetition-yet-evading-review exceptions to mootness apply.

## II. DISCUSSION

Article III limits federal judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (citation and internal quotation marks omitted). A case becomes moot when subsequent events make it impossible for the Court to grant the prevailing party any effectual relief. Chafin v. Chafin, 568 U.S. 165, 172 (2013); Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam).

The Ninth Circuit has applied these principles specifically to habeas petitions challenging immigration detention. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007).

### A. Petitioner Has Received the Principal Relief Sought in His Petition

Petitioner's original Petition challenged the legality of his continued detention and requested, as its principal relief, immediate release and restoration to his OSUP. The Petition also requested an injunction preventing his removal during the pendency of this action and any appeal.

Petitioner is no longer detained. ICE released him on March 5, 2026. Moreover, according to Petitioner, the Immigration Judge reopened and terminated his removal proceedings, with the consequence that the final removal order that previously supplied the basis for detention under 8 U.S.C. § 1231 no longer exists. Petitioner himself relies on that circumstance in arguing that Respondents lacked authority to continue detaining him.

Those developments eliminated the ongoing detention challenged by the Petition and the basis for the principal prospective relief the Petition requested.

The Ninth Circuit's decision in Abdala is instructive. There, the court explained that a habeas petition challenging immigration detention generally becomes moot following the petitioner's release or removal unless some concrete collateral consequence remains that can

be redressed through the habeas action. 488 F.3d at 1064–65. In determining whether a live controversy remained, the Ninth Circuit examined the relief sought in the original habeas petition. Id. at 1065.

Here, Petitioner's original Petition did not request a declaration adjudicating, independent of his request for release, the historical legality of his detention between January 22 and March 5, 2026. Nor did it request a permanent injunction prohibiting Respondents from re-detaining Petitioner at some future time based upon the vacated conviction or terminated removal proceedings. Instead, those forms of relief were requested in later filings after the circumstances underlying the original Petition had materially changed.

Abdala further instructs that a petitioner cannot revive a habeas petition that has already become moot by subsequently seeking to add claims presenting a new controversy. See id. at 1065 (concluding that the petitioner's post-deportation attempt to amend could not revive his petition because "his petition was moot and there was nothing to amend"). Accordingly, Petitioner's subsequent requests for declaratory and permanent injunctive relief do not themselves preserve Article III jurisdiction over the original Petition.

**B. Petitioner Has Not Established a Redressable Collateral Consequence**

Petitioner alternatively contends that his prior re-detention produces continuing collateral consequences because the administrative record of the January 22, 2026 revocation and re-detention remains and "may bear on future custody and bond determinations."

That asserted consequence is insufficient to preserve the Petition. Unlike a criminal conviction, for which certain collateral consequences may be presumed, collateral consequences arising from other forms of custody generally must be demonstrated rather than presumed. See Spencer v. Kemna, 523 U.S. 1, 7–14 (1998). Abdala likewise requires a remaining collateral consequence capable of being redressed through success on the habeas petition. 488 F.3d at 1064.

Petitioner identifies no presently existing legal disability resulting from the challenged detention. His contention that the detention "may" affect some future custody or bond determination depends upon future events that may never occur. Moreover, the original Petition did not seek expungement of the revocation determination or other alteration of Petitioner's administrative record. The asserted possibility therefore does not establish a concrete, presently redressable injury sufficient to maintain Article III jurisdiction.

**C. Voluntary Cessation Does Not Preserve the Controversy**

Petitioner also invokes the voluntary-cessation doctrine. He emphasizes that Respondents released him two days after the Court ordered supplemental briefing concerning the legal authority for his continued detention and that Respondents thereafter failed to file the ordered supplemental response.

It is well established that a defendant ordinarily cannot moot a case simply by voluntarily ceasing challenged conduct. Friends of the Earth, Inc. v. Laidlaw Env't Services (TOC), Inc., 528 U.S. 167, 189–90 (2000). But the record here reflects more than Respondents' unilateral decision to discontinue the challenged detention while retaining the ability to resume precisely the same conduct.

An independent legal event materially altered Petitioner's immigration status. The Immigration Judge reopened Petitioner's removal proceedings, and Petitioner represents that those proceedings were terminated. Petitioner himself argues that the reopening eliminated the final removal order from which Respondents' asserted post-order detention authority under 8 U.S.C. § 1231 derived. The conviction that constituted the basis for Petitioner's removability had also previously been vacated.

Thus, the circumstances under which Respondents detained Petitioner no longer exist. On the present record, Respondents could not simply resume the same § 1231 detention premised upon the same final removal order without some material intervening legal development. The voluntary-cessation doctrine therefore does not preserve the controversy presented by the Petition.

### D. The "Capable of Repetition, Yet Evading Review" Exception Does Not Apply

Petitioner also invokes the exception for controversies that are capable of repetition yet evade review. That "exception applies only in exceptional situations," where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 170 (2016) (internal quotation marks omitted).

Petitioner has not established the second requirement. He argues that his approximately six-week re-detention was too brief to permit full adjudication and that Respondents have not disclaimed the possibility of re-detention. But the relevant inquiry is not whether future immigration detention is theoretically possible. Petitioner must demonstrate a reasonable expectation that he will again be subjected to the same challenged conduct.

The record does not establish such a reasonable expectation. Petitioner's underlying conviction has been vacated, and the removal proceedings underlying the § 1231 detention challenged in this action have been reopened and, according to Petitioner, terminated. Any future detention therefore would depend upon additional events and a new or otherwise lawful basis for detention. The possibility that those circumstances will arise is presently speculative. Accordingly, the capable-of-repetition-yet-evading-review exception does not apply.

### E. The Court Does Not Rely on Its Prior TRO Ruling as a Final Merits Determination

The R&R additionally observes that Petitioner's current contention that his detention was unlawful is inconsistent with this Court's prior denial of his TRO Application. To the extent the R&R treats the TRO ruling as a final adjudication that Petitioner's detention was lawful, the Court declines to adopt that reasoning.

The February 20, 2026 Order determined only whether Petitioner had carried his burden to obtain extraordinary preliminary relief on the record then before the Court. The

Court concluded that Petitioner had not established a likelihood of success on the merits sufficient to warrant a TRO. The Order expressly concluded that Petitioner was not entitled to "injunctive relief at this time."

That preliminary determination was not a final adjudication of the ultimate legality of Petitioner's detention. Nor does the Court need to decide that issue now. Because subsequent events have rendered the Petition moot, Article III does not permit the Court to adjudicate whether Petitioner's now-concluded detention was lawful. See Spencer, 523 U.S. at 18.

The Court therefore adopts the R&R's recommendation of dismissal, but modifies its reasoning as stated in this Order.

**Conclusion**

Petitioner's release from immigration detention, together with the reopening and termination of the removal proceedings underlying the challenged post-order detention, eliminated the live controversy presented by the Petition. Petitioner has not demonstrated a concrete collateral consequence redressable through the original Petition, and neither the voluntary-cessation doctrine nor the capable-of-repetition-yet-evading-review exception preserves Article III jurisdiction. Petitioner's subsequent requests for a declaration concerning the historical legality of his detention and a permanent injunction against possible future re-detention do not prevent dismissal of the original Petition under Abdala.

Accordingly, the Court:

OVERRULES Petitioner's Objections to the Report and Recommendation; ACCEPTS AND ADOPTS the Report and Recommendation as modified by this Order; and DISMISSES the Petition WITHOUT PREJUDICE as moot.

Judgment shall be entered accordingly.

DATED: September 17, 2026

Percy Anderson
UNITED STATES DISTRICT JUDGE